IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VICTOR LANCASTER,

    Plaintiff,

v.

CITY OF WEST LINN; TERRY TIMEUS; CHRIS JORDAN,

    Defendants.

3:15-cv-00561-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

Plaintiff Victor Lancaster brings this action against the City of West Linn, the West Linn Police Department ("WLPD"), WLPD Chief Terry Timeus, and West Linn City Manager Chris Jordan (collectively, "Defendants"). Plaintiff alleges Defendants violated his First Amendment rights and discriminated and retaliated against him for whistleblowing during the course of his employment with the WLPD. Now before the court is Plaintiff's Motion to Compel (#21) ("Plaintiff's Motion"). For the reasons provided below, Plaintiff's Motion is granted in part and denied in part.

## BACKGROUND

Plaintiff contends the WLPD was split into two camps: those who preferred the *status quo* and those who wanted positive change. The members of the latter camp were referred to as the "Clique." Plaintiff was a member of the Clique. Plaintiff alleges he was terminated from his

position as Captain with the WLPD in retaliation for engaging in the following protected whistleblowing activities: (1) testifying at an unlawful labor practices ("ULP") hearing related to WLPD Officer Chad Atkeson, (2) reporting and investigating an allegedly unconstitutional search of a citizen by WLPD Officer Mike Stradley[1], and (3) disclosing information Plaintiff reasonably believed was evidence that the WLPD suffered from mismanagement, gross waste of funds, and abuse of authority.

Plaintiff filed his Motion to Compel (#21) on December 11, 2015. Defendants filed their Response (#25) on December 30, 2015. The court heard oral arguments on Plaintiff's Motion on January 5, 2016. This matter is fully submitted and prepared for decision.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). Federal Rule of Civil Procedure 37(a)(3)(B) permits a propounding party to move for an order compelling production or inspection of documents if a request for production is not honored. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.* 37(a)(4). Additionally, Federal Rule of Civil Procedure 26(b)(1) provides: "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

## DISCUSSION

Plaintiff moves the court to compel production of the following three categories of documents: (1) the other Clique members' personnel files and all other documents that contain complaints made by the other Clique members or the Defendants' responses thereto (the "related

---

[1] Stradley was promoted to Sergeant on or about January 2013.

OPINION AND ORDER—PAGE 2

documents"), (2) Mike Stradley's personnel file, and (3) documents related to Plaintiff's participation in the ULP hearing and Defendants' subsequent decision to terminate Plaintiff. The third category of documents includes communications with Defendants' labor attorney, Kathy Peck.

Defendants concede that they waived their attorney-client privilege as to the category three documents, and as such, those documents are discoverable.[2] Defendants ask the court to deny Plaintiff's Motion to Compel production of the category one and category two documents. Alternatively, Defendants ask the court to conduct an *in camera* review of the requested documents before ordering production directly to Plaintiff.

## I.    Personnel Files of Other Clique Members

Plaintiff argues that the other Clique members' personnel files and related documents are discoverable as evidence that Defendants engaged in discriminatory practices. According to Plaintiff, the documents will show that in addition to discriminating against Plaintiff, Defendants discriminated against other WLPD employees who engaged in whistleblowing activities.

In response, Defendants argue that the files and related documents are irrelevant, and therefore not discoverable, because the other Clique members did not occupy the same supervisory position as Plaintiff. Defendants further argue that the documents are not discoverable because Defendants' concern with protecting the privacy rights of their employees outweighs Plaintiff's interest in discovering the information in the files.

---

[2] Plaintiff's initial requests for production were seemingly broad enough to encompass attorney-client privileged communications that were unrelated to Plaintiff's participation in the ULP hearing and Defendants' subsequent decision to terminate Plaintiff. Plaintiff clarified at oral argument that he only seeks discovery of Peck's communications to the extent they involve Plaintiff's participation in the ULP hearing and Defendants' subsequent decision to terminate Plaintiff.

OPINION AND ORDER—PAGE 3

I find that the other Clique members' personnel files and related documents are discoverable to the extent they contain complaints made by the other members and Defendants' responses to those complaints.[3] Plaintiff's claims sound under Oregon statutes that prohibit employment discrimination and retaliation on the basis of whistleblowing. *See* Or. Rev. Stat. §§ 659A.199, .203, 230. Those statutes follow a framework similar to Title VII's anti-retaliation provision, 42 U.S.C. § 2000e–3(a). Like Title VII, the Oregon statutes employ a burden-shifting framework, whereby the plaintiff must rebut the defendant's proffered legitimate reasons for its employment action. *Larmanger v. Kaiser Found. Health Plan of the Nw.*, 895 F. Supp. 2d 1033, 1049 (D. Or. 2012).

Defendants contend that they terminated Plaintiff not in retaliation for his whistleblowing, but because Plaintiff actually engaged in retaliatory practices himself when he told a subordinate Officer that Timeus would retaliate against the Officer for whistleblowing. *See* Ellis Decl. Ex. 4 (#23-4). If the other Clique members' personnel files show that Defendants discriminated or retaliated against other whistleblowing employees, that evidence could be used to rebut Defendants' proffered reason for terminating Plaintiff. *See Diaz v. Am. Tel. & Tel.*, 752 F.2d 1356, 1363 (9th Cir. 1985) (holding that a plaintiff is entitled to use evidence of a pattern or practice of discrimination "to show that a defendant's articulated nondiscriminatory reason for the employment decision in question is pretextual"); *accord Obrey v. Johnson*, 400 F.3d 691, 694, 698-69 (9th Cir. 2005); *see also Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 732 (9th Cir. 1986) (considering whether other employees suffered adverse employment actions). Thus, the files are discoverable.

---

[3] Plaintiff stipulated at oral argument that he currently seeks discovery of only the portions of the personnel files that show complaints made by the other Clique members and the Defendants' responses thereto.

OPINION AND ORDER—PAGE 4

I reject Defendants' argument that the other Clique members' personnel files are irrelevant because they did not occupy the same supervisory position as Plaintiff. Defendants' objection goes to the weight of Plaintiff's proffered evidence, not its admissibility. *See Obrey*, 400 F.3d at 694-95. I also reject Defendants' argument that their concern with protecting the privacy rights of their employees outweighs Plaintiff's interest in discovering the other Clique members' personnel files. Plaintiff clearly has an interest in remedying discriminatory and retaliatory practices within the WLPD. That interest is particularly strong where the purported retaliation is for whistleblowing. Moreover, Defendants' privacy concerns are sufficiently addressed by the protective order that is already in place in this matter. *See Brown v. State of Or., Dep't of Corr.*, 173 F.R.D. 262, 264 (D. Or. 1997); *Weiss v. Safeway, Inc.*, 189 F.R.D. 442, 444 (D. Or. 1999). Therefore, Defendants' asserted privacy interests do not outweigh Plaintiff's interest in discovering the information in the personnel files.

In sum, I find that the other Clique members' personnel files and related documents are discoverable to the extent they contain complaints made by the other members and Defendants' responses to those complaints. Defendants are therefore ordered to produce those portions of the files.

## II. Personnel File of Mike Stradley

Plaintiff argues that Stradley's personnel file is discoverable because it could reveal that Plaintiff was treated less favorably than Stradley and thereby rebut Defendants' proffered reason for terminating Plaintiff. Plaintiff further argues that Stradley's personnel file is discoverable under a line of district court cases from outside the Ninth Circuit holding that "those employees whose action or inaction has a direct bearing on the Plaintiff's claims or the Defendant's affirmative defenses . . . are subject to discovery." *E.g., Carson v. Builders Firstsources-*

*Southeast*, 159 F. Supp. 2d. 242, 247 (W.D.N.C. 2001). Plaintiff's final contention regarding Stradley's file is that it is discoverable for impeachment purposes.

In response, Defendants argue that Stradley's file is not relevant and therefore not discoverable. In this regard, Defendants contend that the district court cases cited by Plaintiff are distinguishable. Defendants further contend that Plaintiff has not carried his burden of showing that he is entitled to Stradley's personnel file for impeachment purposes.

I find that Stradley's personnel file is relevant to the extent it contains information about Plaintiff's report concerning Stradley's allegedly unconstitutional search, the ensuing investigation, and any resulting discipline. Defendants appear to concede that this information is relevant, as they have already produced information concerning the investigation. However, the remainder of Stradley's personnel file is not relevant and therefore not discoverable. *See* Fed. R. Civ. P. 26(b).

I agree with Defendants that, for the purposes of discovery, Stradley is not an employee "whose action or inaction has a direct bearing on the Plaintiff's claims or the Defendant's affirmative defenses . . . ." *E.g., Carson*, 159 F. Supp. 2d. at 247. The cases cited by Plaintiff in this regard are distinguishable, as the personnel files sought in those cases pertained to employees who took some action *against the plaintiff* that contributed to the purported discrimination or retaliation. *See id.* at 247-48; *Oblesby v. HyVee, Inc.*, 2005 WL 857036 (D. Kan. April 13, 2005); *Fox-Martin v. H.J. Heinz Operations*, 2003 WL 23139105 (D. Kan. Dec. 19, 2003). As stated above, the facts of this case are just the opposite; Plaintiff alleges he was terminated for *his actions against Stradley*. There is no evidence that Stradley ever took actions against Plaintiff that contributed to Plaintiff's termination.

OPINION AND ORDER—PAGE 6

Moreover, Stradley's personnel file is not discoverable for impeachment purposes. Although personnel files may be discoverable for impeachment purposes, "the party seeking the discovery should articulate . . . [the] specific parameters of [the] impeachment evidence sought [in order] to obtain the information despite the legitimate privacy interests of the fileholders." *U.S. E.E.O.C. v. McCormick & Schmick's Seafood Restaurants*, No. CIV.A. DKC-11-2695, 2012 WL 3563877, at *4 (D. Md. Aug. 16, 2012) (alterations in original) (internal quotation marks omitted); *accord Marlow v. Chesterfield County School Board*, 2010 WL 3660770 at *6 (E.D. Va. Sept. 15, 2010). Plaintiff has failed to articulate legitimate impeachment evidence that he hopes to obtain from Stradley's personnel file. In sum, Stradley's personnel file is discoverable only to the extent it contains information about Plaintiff's report concerning Stradley's allegedly unconstitutional search, the ensuing investigation, and any resulting discipline.

## III.    In Camera Review

Defendants' alternative request for *in camera* review is denied. *In camera* review is most helpful when adjudicating claims of privilege. Defendants do not assert privilege. Moreover, the protective order already in place in this matter is sufficient to protect against disclosure of sensitive information. *See, e.g., Mueller v. Walker*, 124 F.R.D. 654, 659 (D. Or. 1989), *modified*, No. CIV. 88-661-FR, 1989 WL 35864 (D. Or. Apr. 10, 1989).

## CONCLUSION

For the reasons provided above, Plaintiff's Motion to Compel (#21) is granted in part and denied in part. Defendants are ordered to produce the portions of the other Clique members' personnel files that show complaints lodged by the members and the Defendants' responses thereto. Defendants are further ordered to produce the portions of Stradley's personnel file that contain information about Plaintiff's report concerning Stradley's allegedly unconstitutional

search, the ensuing investigation, and any resulting discipline. Defendants' alternative request for *in camera* review is denied.

Dated this 6th day of January, 2016.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge